**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BRITECORE HOLDINGS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-207-SLP |
| | ) | |
| AMERICAN FARMERS & RANCHERS MUTUAL INSURANCE COMPANY, an Oklahoma Corporation, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| AMERICAN FARMERS & RANCHERS MUTUAL INSURANCE COMPANY, an Oklahoma Corporation, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-217-SLP |
| | ) | |
| INTUITIVE WEB SOLUTIONS, LLC, and BRITECORE HOLDINGS, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is the Motion to Substitute [Doc. No. 33] filed on behalf of Intuitive Web Solutions, LLC and BriteCore Holding Inc. (collectively, Movants). As the case style reflects, two actions have been consolidated. The pending Motion to Substitute relates to the parties and claims in Case No. CIV-22-207 (the *BriteCore* action). The only plaintiff in the *BriteCore* action is BriteCore Holdings, Inc.

American Farmers & Ranchers Mutual Insurance Company (AFRMIC), the Defendant in the *BriteCore* action, has filed its Response [Doc. No. 34] and Movants have filed their Reply [Doc. No. 35]. The matter is fully briefed and at issue. For the reasons that follow, Movants' Motion is DENIED.

**I.     Procedural History**

A total of three actions have been filed between the parties. Only two of those three actions remain pending.

Litigation between the parties first commenced in February 2021 and was initiated by AFRMIC. *See American Farmers & Ranchers Mutual Ins. Co. v. Intuitive Web Solutions LLC and BriteCore Holdings, Inc.*, Case No. CIV-21-144-SLP, Compl. [Doc. No. 1]. On September 4, 2021, AFRMIC voluntarily dismissed the action. *See id.*, Notice [Doc. No. 18].

Approximately six months later, on March 15, 2022, BriteCore commenced the *BriteCore* action with the filing of a Complaint [Doc. No. 1]. One day after BriteCore filed its action, AFRMIC commenced an action in Oklahoma state court against IWS and BriteCore. On March 17, 2022, the state-court action was removed to federal court. *See* Case No. CIV-22-217, Notice of Removal [Doc. No. 1] (the *AFRMIC* action). On March 24, 2022, the Court entered an Agreed Temporary Restraining Order [Doc. No. 12] and on April 21, 2022, the Court entered an Agreed Temporary Injunction [Doc. No. 17].

On July 14, 2022, BriteCore moved to consolidate the two actions under Rule 42 of the Federal Rules of Civil Procedure. *See* Motion to Consolidate [Doc. No. 4]. BriteCore contended that the "two civil actions involve the same agreements between the same parties

and the same nexus of operative facts, all before the same court." *Id*. at 4. BriteCore argued that the *AFRMIC* action is "essentially a defense theory, and perhaps a counterclaim to [the BriteCore action]." *Id*. at 5. BriteCore further argued that the BriteCore action was the first filed action and, consequently, the BriteCore action should be "the primary civil action and the parties to be aligned according to [the BriteCore action]." *Id*. at 8. As to IWS, BriteCore argued that "as an affiliate of BriteCore and a defendant in [the *AFRMIC*] action, [it] should be realigned as a plaintiff in order to maintain diversity jurisdiction in this case." *Id*. n. 2.

Defendant AFRMIC agreed that the actions involved common questions of law and fact and that consolidation, for discovery purposes, was proper. *See* AFRMIC's Response [Doc. No. 19]. But AFRMIC opposed consolidating the actions into a single action. AFRMIC also opposed realignment, deeming it improper if the actions retained their independent character. Additionally, AFRMIC argued that if the actions were consolidated into a single action, IWS would be more properly identified as a third-party defendant, not a co-plaintiff, and that as a third-party-defendant, realignment would not be necessary to preserve diversity jurisdiction. *Id*. at 10, n. 3.

On September 6, 2022, the Court granted consolidation, but did so for discovery purposes only. *See* Order [Doc. No. 21]. Although BriteCore requested that the actions be consolidated into a single action and the parties realigned, the Court denied such relief.[1]

---

[1] Because the Court did not consolidate the actions into a single action, but instead consolidated the actions for discovery purposes only, there was no need to realign the parties.

3

Thus, the two actions otherwise remain distinct. *See Hall v. Hall* -- U.S. --, 138 S.Ct. 1118, 1125 (2018) (recognizing that consolidation does not effect a "complete merger" and that the statutory history of Rule 42(a) "makes clear that one of multiple cases consolidated under the Rule retains its independent character . . . regardless of any ongoing proceedings in the other cases"); *see also Cooper Clark Foundation v. Oxy USA Inc.*, 785 F. App'x 579, 581 (10th Cir. 2019) ("The Supreme Court recently reiterated that, under Rule 42, consolidation is not equivalent to merger and consolidated cases do not lose their separate identities because of consolidation," (citing *Hall*, 138 S.Ct. at 1130-31)); *Anderson Living Tr. v. WPX Energy Prod., LLC*, 297 F.R.D. 622, 631 (D.N.M. 2014) ("[C]onsolidation is an artificial link forged by a court for the administrative convenience of the parties; it fails to erase the fact that, underneath consolidation's façade, lie two individual cases.") (internal quotation marks and citation omitted)).

In each action, the parties have asserted claims for breach of the same contracts. It is undisputed by the parties that IWS is a signatory to the contracts but BriteCore is not. *See, e.g*, Joint Status Report [Doc. No. 24], Stipulated Facts, ¶¶ e and f (identifying contracts executed by AFRMIC and IWS).[2] As set forth above, BriteCore is the sole Plaintiff in the *BriteCore* action. *See id.*, First Amended Complaint [Doc. No. 13].

---

[2] It is also undisputed that IWS is a wholly owned subsidiary of BriteCore. *See, e.g.*, *BriteCore* action, Statements of IWS [Doc. No. 20], ¶ 1 ("IWS is a wholly owned subsidiary of BriteCore. The Board of Directors are identical for IWS and BriteCore."); *see also* Joint Status Report [Doc. No. 24], Stipulated Facts, ¶ n ("IWS is a wholly owned subsidiary of BriteCore Holdings.").

4

Conversely, AFRMIC has brought its breach of contract claims solely against IWS as the signatory to the subject contracts. *See* AFRMIC action, First Amended Complaint [Doc. No. 28].

In July 2022, AFRMIC first raised the issue of whether BriteCore, as a non-signatory to the contracts, could bring any breach of contract claims against it in a motion to dismiss filed in the *BriteCore* action. *See* Def.'s Mot. to Dismiss [Doc. No. 8]. BriteCore moved for dismissal pursuant to both Fed. R. Civ. P. 12(b)(6) for failure to state a claim and pursuant to Fed. R. Civ. P. 12(b)(1) for lack of standing. *Id*. The Court deemed the Motion to Dismiss moot as a result of AFRMIC's filing of an Amended Complaint. *See id*., Order [Doc. No. 15].

On December 29, 2002, AFRMIC filed a Motion for Judgment on the Pleadings [Doc. No. 32] in the *BriteCore* action. In that pending Motion, AFRMIC reurges these issues and raises additional issues.

On January 20, 2023, BriteCore filed its Response to the Motion for Judgment on the Pleadings [Doc. No. 34] and contemporaneously filed its Motion to Substitute pursuant to Rule 17(a)(3) of the Federal Rules of Civil Procedure. In the Motion to Substitute, Movants request the Court to substitute IWS as plaintiff for BriteCore's breach of contract claim against Defendant AFRMIC. Movants argue that IWS is a signatory to the contracts at issue and, therefore, IWS is a real party in interest with respect to the breach of contract claim brought against AFRMIC. Movants further argue that Defendant AFRMIC would not suffer any prejudice because it "already seek[s] to exploit this known fact." Mot. at 2.

5

Movants appear to be referencing AFRMIC's pending Motion for Judgment on the Pleadings.

Defendant AFRMIC opposes the requested substitution. AFRMIC argues that BriteCore has not shown the failure to name IWS as a plaintiff was the result of an "honest mistake" under Rule 17(a)(3)'s governing standard. Additionally, AFRMIC points to the fact that IWS, a defendant in the *AFRMIC* action, could have asserted a counterclaim against AFRMIC for breach of contract in that action, but chose not to do so. Finally, relying on Rule 16(b) governing scheduling order deadlines, AFRMIC argues BriteCore fails to establish good cause for its "belated amendment" as the deadline to join parties and amend pleadings expired on November 3, 2022 and Movants did not file the pending Motion until approximately two months later on January 20, 2023.

In Reply, Movants fail to address why IWS was not joined as a plaintiff from the outset as to the breach of contract claim. Similarly, Movants fail to explain why IWS did not bring a counterclaim against AFRMIC in the *AFRMIC* action. Nor do Movants address AFRMIC's Rule 16(b) argument. Instead, Movants contend a "manifest injustice" would result if substitution were denied and that "IWS would have no alternative than to file suit outside of the current litigation." Reply at 5.

**II.    Discussion**

Pursuant to Rule 17(a)(1) "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Governing substantive law determines who is the real party in interest, i.e., who has the right to bring suit. *See, e.g., Esposito v. United States*, 368 F.3d 1271, 1273 (10th Cir. 2004).

Substitution is governed by Rule 17(a)(3) which provides:

The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17(a)(3). As the Tenth Circuit has observed, "[r]ead literally, Rule 17(a) would appear to require that a party *always* be given a reasonable time to substitute the real party in interest where objection has been made." *Esposito*, 368 F.3d at 1275. Because, however, such a literal reading "would countenance conduct in violation of the spirit of the Rules," there are "parameters for its application" as set forth in the "Advisory Committee Notes accompanying the Rule." *Id*. The Court's focus is "primarily on whether the plaintiff engaged in deliberate tactical maneuvering (i.e. whether his mistake was 'honest'), and on whether the defendant was prejudiced thereby." *Id*. In *Esposito*, the Tenth Circuit "d[id] not foreclose the possibility that a party's mistake in naming the plaintiff . . . could be so inexplicable and irrational as to raise an inference that it was not an 'honest' mistake." *Id*. at 1276-77.

As stated, Movants fail to address the honest mistake prong of the Rule 17(a)(3) standard in either their motion or reply. The record demonstrates, and Movants do not dispute, that at the time the *BriteCore* action was commenced, Movants knew IWS was a real party in interest with respect to any breach of contract claims. *See, e.g.*, Mot. at 6 (IWS "is the signatory to the Agreements and is the real party in interest for the breach of contract claim" and "it has been an undisputed fact *since the beginning of this litigation* that IWS signed the contract with AFRMIC."). Mot. at 6 (emphasis added). Movants wholly fails

7

to explain why IWS was not originally joined as a plaintiff in the *BriteCore* action. Instead, Movants assert that there would be no prejudice to AFRMIC if IWS were substituted and further accuses AFRMIC of "exploiting" a "procedural technicality." *Id*. at 7.

AFRMIC points to facts showing that determination of the proper party to the breach of contract claim was not difficult and, in any event, AFRMIC made the real party in interest issue known to BriteCore in July 2022 when it filed a motion to dismiss on that basis. *See* discussion, supra. Yet, BriteCore did not seek substitution until nearly six months later. AFRMIC, however, fails to address the issue of prejudice.

Each party has addressed the prong of the Rule 17(a)(3) standard favorable to its respective position and wholly failed to address the prong unfavorable to its position. Ultimately, whether to permit substitution is a matter within the Court's discretion. *See Scheufler v. Gen. Host Corp.*, 126 F.3d 1261, 1270, 1272 (10th Cir. 1997). Exercising that discretion, the Court finds substitution should not be permitted.

This is not a case of mistaken identity. Nor do Movants identify any legal basis (such as an assignment of rights) that would have caused confusion as to the identity of IWS as a real party in interest. Indeed, as set forth, Movants acknowledge that they knew from the inception of the parties' litigation that IWS was the real party in interest.

Movants' utter failure to address the "honest mistake" prong of the Rule 17(a)(3) standard and the notable delay accompanying the request for substitution more closely demonstrates a tactical decision rather than any honest mistake. *See, e.g., TVO Hosp. LLC v. Westchester Fire Ins. Co.*, No. 21-cv-02242-WJM-STV, 2023 WL 4117533 at *3 (D.

Colo. June 22, 2023) (refusing to find an honest mistake where the plaintiff "knew for more than a year that it was not the correct party and failed to correct that problem" as such conduct is "difficult to explain and certainly irrational"); *Dollar Rent A Car, Inc. v. Westover Car Rental, LLC*, No. 17-CV-0628-CVE-FHM, 2018 WL 3420814 at *5 (N.D. Okla. July 13, 2018) ("entities' collective failure to promptly correct obvious defect" necessitating substitution was "simply not the type of understandable or honest mistakes that Fed. R. Civ. P. 17(a)(3) is meant to remedy").

Additionally, the Court finds it significant, as AFRMIC sets forth in its Response, that IWS -- a named defendant in the AFRMIC action -- could have brought a counterclaim against AFRMIC for breach of contract but did not.  Because IWS had this option available, this is not a case where denying substitution has resulted in a forfeiture or injustice.  To the contrary, the tactical decisions of BriteCore and/or IWS have created any forfeiture or injustice.

Although AFRMIC has not addressed any prejudice, the Court finds the record supports a finding of prejudice.  AFRMIC has raised the issue of BriteCore's inability to pursue a breach of contract claim against it multiple times in this litigation.  Had Movants promptly moved for substitution when AFRMIC first raised the issue in July 2022 (i.e., when AFRMIC filed its original Motion to Dismiss), the issue could have been resolved and AFRMIC would have been relieved of moving for judgment on the pleadings as to this issue.[3]  The issue was raised again in the parties' Joint Status Report in September 2022,

---

[3] In responding to AFRMIC's Motion to Dismiss, BriteCore argued that its request to realign the parties in its Motion to Consolidate "effectively me[t] the purpose of Rule 17(a)(3)."  *See*

9

prior to AFRMIC moving for judgment on the pleadings. *See* Joint Status Report at 10, AFRMIC's Contentions, ¶¶ 1-2. Yet, BriteCore did not seek substitution until several months later in January 2023 and only after AFRMIC moved for judgment on the pleadings. Under these circumstances, the Court finds permitting substitution is prejudicial to AFRMIC.

### III. Conclusion

In sum, the Court finds Movants have failed to establish any honest mistake to support substitution of IWS under Rule 17(a)(3) and that allowing substitution after significant delay is prejudicial to AFRMIC. Based on this finding, the Court deems it unnecessary to address AFRMIC's Rule 16(b) argument.

IT IS THEREFORE ORDERED that the Motion to Substitute [Doc. No. 33] is DENIED.

IT IS SO ORDERED this 15th day of August, 2023.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

BriteCore's Resp. [Doc. No. 14] at 9. For the reasons previously set forth, consolidation did not result in a single action nor did it necessitate any realignment. Additionally, the Court consolidated the actions, for discovery purposes, in September 2022. Movants fail to explain why they delayed until January 2023 to move for substitution.